IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHIL LABOON,<br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>MARK GOLDBERG, individually,<br>GOLDBERG EXECUTIVE REALTY<br>GROUP, LLC, and GOLDBERG<br>EXECUTIVE REALTY GROUP, INC.,<br>　　　　　Defendants. | )<br>)<br>)<br>)　Civil Action No. 06-1429<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                        February 16, 2007

        This is an action in breach of contract, dissolution and

unjust enrichment. Plaintiff, Phil Laboon, alleges that

defendants, Mark Goldberg, Goldberg Executive Realty Group, LLC,

and Goldberg Executive Realty Group, Inc., have not paid him

compensation owed under an agreement for work performed by

plaintiff. Plaintiff further alleges that defendants have

concealed company income.  Plaintiff seeks dissolution of a

jointly owned company and damages for loss of income. Defendants

have filed a motion to dismiss requesting this court to abstain

from exercising jurisdiction in light of a state action

previously filed in the state of Florida.

        For the reasons set forth below, the motion to dismiss will

be granted.

I.    BACKGROUND

Accepting plaintiff's allegations as true, the following is the factual predicate of the case.  On January 3, 2006, plaintiff and defendants entered into an agreement. According to the terms of the agreement, the parties would split the net profits of all real estate sales equally, with 50% of the profits going to plaintiff and 50% to all defendants. The agreement also provided that defendants would retain all control and management of the sales division and plaintiff would retain full control of the marketing division of the enterprise.  Plaintiff alleges that, to date, defendants have failed to pay any money to plaintiff, have failed to provide accounting information, and have redirected and/or concealed leads and company income.

II.    STANDARD OF REVIEW

The Supreme Court has recognized several instances where a federal court should abstain from exercising jurisdiction over a particular case.  Abstention acknowledges "that certain matters are of state concern to the point where federal courts should hesitate to intrude; and ...may also concern judicial 'economy,' the notion that courts should avoid making duplicate efforts or unnecessarily deciding difficult questions." Chiropractic Am. v. Lavecchia, 180 F.3d 99, 103 (3d Cir. 1999).

The Colorado River doctrine allows a district court

2

discretion to abstain from exercising jurisdiction where a parallel case is pending in state court. Colorado River Eater Conservation Dist. v. United States, 424 U.S. 800, 818-20 (1976); Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983). Under this doctrine, a federal court may decline to exercise its jurisdiction in exceptional circumstances based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. Colorado River, 424 U.S. at 819-20.

## III. DISCUSSION

Defendants have moved to dismiss the instant action on the ground that a substantially similar action was filed two days before this one and is currently pending in the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida. Defendants assert that abstention by this federal court is proper.

Plaintiff contends that defendants have not provided a clear justification as to why the present action must be dismissed. Further, plaintiff alleges that the underlying action has been properly brought in this jurisdiction and should take precedence over the Florida action.

The court finds that abstention is proper in the instant case. The threshold question under Colorado River is whether there is a parallel state proceeding. IFC Interconcult, AG v.

Safeguard Int'l Partners, LLC, 438 F.3d 298, 306 (3d Cir. 2006).
We must determine the relationship between the parties and the
claims to determine whether the causes are parallel. Chiropractic
Am., 180 F.3d at 115. We conclude that the pending state court
action and the instant case are parallel.

The parties are substantially the same. Complete identity
of parties is not required. IFC Interconcult, 438 F.3d at 306.
Phil Laboon, plaintiff in the instant action, is a defendant in
the state action. The second defendant in the state action is
"Eyeflow, LP." According to a motion to dismiss that Mr. Laboon
filed in state court, "Eyeflow, LP does not exist and is not a
registered limited partnership in any state. At best, Eyeflow is
a fictitious business identity operated by Mr. Laboon but it is
otherwise not a separate business entity."

Defendant Goldberg Realty Group, is the plaintiff in the
state action. Defendant Mark Goldberg is simply the principle of
that entity.

The claims are the same. The complaint filed in this court
alleges that defendants have not paid plaintiff money due under
the agreement. The complaint filed in state court, on the other
hand, alleges that Mr. Laboon has failed to provide computer
services as provided in the agreement. In essence, each party
claims the other breached the contract. Therefore, although the
remedies sought are different, the claims are the same.

4

Having determined that the two actions are parallel, we must now determine whether this case involves exceptional circumstances warranting abstention. The relevant factors we must consider with regard to the exceptional circumstances inquiry are: (1) which court first assumed jurisdiction over a relevant property, if any; (2) whether the federal court is inconvenient; (3) whether abstention would aid in avoiding piecemeal litigation; (4) which court first obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state action is sufficient to protect the federal plaintiff's rights. Rycoline Products, Inc. v. C. & W Unlimited, 109 F.3d 883, 890 (3d Cir. 1997). Upon careful consideration, we find that each of these factors weigh in favor of abstaining.

As to the first factor, all parties agree that real property is not in dispute in this case. To the extent that any real property could become part of the dispute, we note that all property from the real estate business is located in Florida.

The inconvenience of the federal forum weighs in favor of abstention. The parties negotiated and entered into the agreement in Florida. The agreement governs a business that sells real estate in Florida. Plaintiff does not dispute that he has traveled on at least twelve occasions to Florida in connection with these business dealings.

5

Plaintiff, however, alleges that the locus of the alleged culpable conduct is Pennsylvania because plaintiff's duties under the contract, mainly marketing and management of a web site, were done in Pittsburgh, Pennsylvania. Despite the fact that plaintiff's duties were performed in Pennsylvania, the conduct that plaintiff complains of happened in Florida. The complaint alleges that defendants failed to pay money to plaintiff from Florida, based on Florida real estate sales. Moreover, plaintiff has alleged that defendants have concealed leads and company income in Florida.

While plaintiff's connection to Florida is clear, plaintiff has not alleged that defendants have any connections to Pennsylvania. Because the cause of action arises out of a Florida contract and a Florida business, we find that the Western District of Pennsylvania is an inconvenient forum to resolve this dispute.

As to the third factor, we find that abstention would avoid piecemeal litigation. As noted above, this complaint involves the same parties involved in a dispute over the same contract. It is clear that both parties' claims can be addressed in Florida state court. In fact, if the two suits were simultaneously maintained, the two courts would merely be duplicating efforts and risking inconsistent rulings.

The fact that state court first obtained jurisdiction over this dispute also weighs in favor of abstention. Defendants filed a complaint in Florida state court two days before plaintiff filed the instant action in federal court. With a difference of two days, it is reasonable to assume that both actions are still at the early stages of litigation. The parties have not alleged how much progress has been made in the Florida action. To the extent that this factor has much weight, it weighs in favor of abstention.

Both the state and federal cases are contract actions governed by Florida law. Because state law governs, this factor weighs heavily in favor of abstention. Plaintiff alleges that because this court has jurisdiction, "the laws of this jurisdiction are controlling." Plaintiff's argument is flawed. The fact that this court has jurisdiction does not mean that this suit is governed by Pennsylvania law. More importantly, plaintiff's argument contradicts his own complaint. Plaintiff's first count seeks dissolution pursuant to Florida statutes. Plaintiff also sets forth a claim for unjust enrichment and lists the elements of such a claim by citing a Florida state case. Plaintiff acknowledges that Florida law applies to this case. A Florida state court is better suited to interpret Florida state law.

7

Finally, we find that the state action is adequate to protect plaintiff's rights. Plaintiff seeks relief in this court based on Florida state law. We find that the Florida state court would be best equipped to address the allegations made and the relief sought. Therefore, this final factor also weighs in favor of abstention.

IV.   CONCLUSION

After deciding that the state court proceeding and this action are parallel and because the exceptional circumstances factors weigh in favor of abstention, we will abstain from exercising our jurisdiction under <u>Colorado River</u>.

Defendants' motion to dismiss is granted. The appropriate order follows.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHIL LABOON,                        )
          Plaintiff,                )
                                    )
     v.                             )   Civil Action No. 06-1429
                                    )
MARK GOLDBERG, individually,        )
GOLDBERG EXECUTIVE REALTY           )
GROUP, LLC and GOLDBERG             )
EXECUTIVE REALTY GROUP, INC.,       )
Defendants.                         )

          Therefore, this  16th  day of February, 2007, IT IS

HEREBY ORDERED that defendants' motion to dismiss [document # 2]

is GRANTED.   The Clerk of Court is directed to mark this case

closed.

BY THE COURT:

_____, J.

cc:   All Counsel of Record.

9